# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| RICKY DEAN WALKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNION PACIFIC ) <br> RAILROAD COMPANY, ) <br> ) <br> Defendant. ) | Case No.: 10-CV-2394 CM/JPO |

Serve:
The Corporation Company, Inc.
112 SW 7th Street
Suite 3C
Topeka, KS 66603

## COMPLAINT

### FELA Negligence

Plaintiff Ricky Dean Walker ("Plaintiff"), for his cause of action against defendant Union Pacific Railroad Company ("UP") in this Complaint for Damages, states and alleges as follows:

### Parties, Jurisdiction and Venue

1. This action is brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq*. Jurisdiction is proper pursuant to 45 U.S.C. § 56.

2. Plaintiff resides in South Coffeyville, Nowata County Oklahoma.

3. Defendant UP is, and was at all times relevant, a corporation engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States and engaged in interstate commerce by railroad.

4. Defendant is a Delaware corporation engaged in interstate commerce by railroad, and in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States. At all times relevant to this complaint, the defendant has conducted business in the State of Kansas.

### General Allegations

5. Plaintiff was employed by defendant in its maintenance of way department as a laborer and equipment operator from 1973 until 2008. His job in the maintenance of way department was to perform track repairs and maintenance along Defendant's tracks. Over the years, he did this work for Defendant in many states, including Kansas. At all time relevant to this complaint, parts of Plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce.

6. In 2007, Plaintiff was employed by and engaged with the defendant in interstate commerce.

7. In 2007, Defendant assigned Plaintiff on a 2-man maintenance of way gang operating in and near Coffeyville, Kansas. Plaintiff was assigned to drive a 2002 Freightliner #62265 a section truck. The 2002 Freightliner # 62265 was very rough-riding.

8. The 2002 Freightliner #62265 was very difficult to get in and out of and get tools and materials in and out of especially in hy-rail.

9. While driving the 2002 Freightliner #62265 Plaintiff was repeatedly jarred and jolted. This jarring and jolting, caused injury to Plaintiff's entire body, including his spine.

2

10. The plaintiff's injuries have been painful and have worsened over time. The plaintiff has undergone a hemilaminectomy with removal of herniated disks and foraminal decompressive. This treatment has left the plaintiff totally and permanently disabled from his craft as a track maintenance worker.

11. Before Defendant assigned Plaintiff to drive the 2002 Freightliner #62265, for many years Defendant, over the course of his railroad career, Defendant exposed Plaintiff to unreasonable working conditions that caused or contributed to cause injuries to his entire body, including but not limited to his spine, back, hips, legs, and feet. These working conditions included, but are not limited to: requiring the plaintiff to use heavy manual tools when hydraulic tools were available, requiring the plaintiff to unload railroad ties and sections of rail by hand over an entire work shift, requiring the plaintiff to walk long distances over large mainline ballast without a level walkway alongside the track, requiring the plaintiff to operate machinery—such as a 2002 Freightliner #62265—that was defective in the suspension, or other aspects of its operation and design, and requiring the plaintiff to work too hard over long periods of time without sufficient additional personnel.

12. Plaintiff's injuries occurred when he was acting within the course and scope of his employment.

## COUNT I

13. Plaintiff re-alleges, adopts and incorporates herein each and every allegation of the statements contained in paragraphs 1 through 14 of this Complaint, the same as if said allegations and statements were herein set forth in their entirety.

14. While over the course of Plaintiff's railroad career, Defendant had exposed him to unreasonable working methods and conditions which caused injury to his back and body, before 2007, Plaintiff was able to perform all of the duties associated with his railroad work.

15. However, after Defendant subjected Plaintiff to the defective 2002 Freightliner #62265, Plaintiff's back was severely injured, and Plaintiff was no longer able to perform the duties associated with his railroad work.

16. Plaintiff's aforesaid injury was directly caused, in whole or in part, by the negligence of the defendant, including in the following respects, to-wit: Defendant negligently failed to furnish and provide Plaintiff with a reasonably safe place to work, reasonably safe conditions for work and reasonably safe appliances for work in that defendant, through its officers, agents, servants and/or employees other than Plaintiff, negligently

   a. Failed to provide plaintiff with a truck that was reasonably safe;
   b. Assigned Plaintiff to operate a 2002 Freightliner #62265 that was rough riding and hard to get in and out of;
   c. Subjected Plaintiff to unreasonable jolting and jarring in the 2002 Freightliner #62265;
   d. Failed to reasonably design, inspect, repair and maintain the 2002 Freightliner # 62265 so that its employees, including Plaintiff, would not be subjected to rough riding over extended periods of time;
   e. Failed to follow reasonable ergonomic practices that would have required better suspension and prevented injury to Plaintiff;

4

    f. Failed to follow reasonable ergonomic practices that would have limited Plaintiff's exposure to unreasonable jarring and jolting from the 2002 Freightliner #62265;

    g. Failed to reasonably design, inspect, repair, and maintain the 2002 Freightliner #62265 so that it did not subject its employees, including Plaintiff, to unreasonable jolting and jarring;

    h. Failed to reasonably train, educate and instruct its employees in the rules, customs, practices, policies and procedures reasonably necessary to ensure that the 2002 Freightliner #62265 was in proper and safe condition;

    i. Failed to warn Plaintiff of the risks and dangers associated with the 2002 freightliner #62265.

17. Defendant knew, or in the exercise of ordinary care should have known, that in acting and failing to act as described in the preceding paragraph, it was reasonably likely that employees, including Plaintiff, would be injured.

18. The defendant's acts and omissions listed above constitute negligence.

19. As a direct result of the aforesaid negligence of the defendant, Plaintiff sustained a severe injury to his back, with injury to the joints of the back and displacement of the soft tissues, nerves, and structures of the back. On account of said injuries, Plaintiff has undergone extensive medical care and treatment, including surgery to his back atL4-5 and L5-S1, and Plaintiff may be required to seek medical treatment in the future. These injuries have caused Plaintiff to incur the expenses of medical care and treatment and Plaintiff will in the future incur the expenses of medical care and

treatment, and life care. The strength, use and function of Plaintiff's back, and general health and strength have been permanently weakened, diminished and impaired. As a result of said injuries, Plaintiff has suffered and will ever suffer severe physical pain and suffering and mental anguish. Because of said injuries, Plaintiff has lost capacity for the enjoyment of life in the past and will suffer loss of capacity for the enjoyment of life in the future.

20. Prior to these injuries, Plaintiff was a strong, able-bodied man, capable of earning and actually earning over $3,600 per month. On account of these injuries, Plaintiff has lost his earnings and will in the future lose his earnings, which would be in excess of $3,600 per month, and his power to work and labor and his earning capacity have been permanently weakened, diminished and impaired. As a direct result of the aforesaid injuries, Plaintiff has been caused to incur medical expenses associated with the treatment of his injuries and will in the future incur medical expenses associated with the treatment of his injuries. Also, as a direct result of these injuries, Plaintiff has suffered the loss of his fringe benefits and will in the future lose fringe benefits. Further, as a direct result of these injuries, Plaintiff has been unable to perform his usual and normal household services and will in the future be unable to perform such services. By reason of the facts herein alleged, Plaintiff has suffered damages in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff prays judgment against the Defendant UP for damages that are fair and reasonable, for costs incurred herein, for pre and post-judgment interest as allowed by law, and for any and all other relief to which Plaintiff is entitled.

## COUNT II (Cumulative Trauma)

Plaintiff, for his cause of action against defendant in this Count II of his Complaint, states and alleges as follows:

21. This action is brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq.*, and the Federal Regulations promulgated pursuant to those acts. Jurisdiction is proper pursuant to 45 U.S.C. § 56.

22. Plaintiff re-alleges, adopts and incorporates herein each and every allegation of the statements contained in paragraphs 1 through 20 of this Complaint, the same as if said allegations and statements were herein set forth in their entirety.

23. From 1973 until 2007, Plaintiff has worked in Defendant's maintenance-of-way department, the department of the railroad that repairs and maintains track, as a laborer and equipment operator.

24. From 1973 until 2007, Plaintiff in doing his job was exposed to strenuous and repetitive work, without proper tools that placed great stress and strain on Plaintiff's body. The majority of plaintiff's work was performed in the vicinity of Coffeeville, Kansas and the State of Kansas.

25. Because Defendant gave the movement of its trains carrying goods over the tracks priority to track maintenance and repair, Plaintiff was often required to perform his work under unreasonable time constraints forcing Plaintiff to work in a hurried and rushed manner which placed additional stress on his body.

26. Because of Defendant's force reductions which cut back on the number of workers in the maintenance of way department, Plaintiff was often required to work

short handed, without adequate help. This lack of adequate help placed additional stress on his body.

27. As a result of the cumulative exposure to theses stresses, Plaintiff has suffered a permanent and disabling injury to his body, which fully manifested itself for the first time in 2007.

28. Plaintiff's injuries occurred while he was acting in the course and scope of his employment.

29. Plaintiff's aforesaid injures were directly caused, in whole or in part, by the negligence of the defendant, including in the following respects, to-wit: Defendant negligently failed to furnish and provide Plaintiff with a reasonably safe place to work, reasonably safe conditions for work and reasonably safe appliances for work in that defendant, through its officers, agents, servants and / or employees other than Plaintiff, negligently:

> a. Required and allowed Plaintiff to work with manual tools where power tools were available to Defendant, but not offered to Plaintiff for his use;
>
> b. Required Plaintiff to engage in repeated instances of heavy lifting in excess of safe limits;
>
> c. Required Plaintiff to perform repetitive tasks without sufficient task variance, breaks form work, help, or ergonomic training;
>
> d. Failed to properly maintain its equipment so that it did not subject Plaintiff to unreasonable vibrating, jerking, and jolting;

e. Failed to provide Plaintiff tools and equipment designed to minimize or prevent injury;

f. Failed to properly train Plaintiff in the proper body mechanics to prevent repetitive trauma injuries;

g. Failed to conduct studies to determine the ergonomic and physical impacts of the working conditions to which it subjected Plaintiff;

h. Failed to implement the results of ergonomic studies demonstrating the physical impact of the working conditions to which it subjected Plaintiff;

i. Ignored, failed to learn of, or otherwise disregarded the results of the ergonomic and physical impacts of the working conditions to which it subjected Plaintiff;

j. Required and allowed Plaintiff to work under unreasonable time constraints that put unreasonable stress on his body;

k. Required and allowed Plaintiff to work without adequate help which put unreasonable stress on his body;

l. Failed to provide equipment that would have allowed Plaintiff to avoid awkward positions and repetitive stresses which would have relieved the stress on Plaintiff's body;

m. Allowed use of inadequate, poorly designed equipment that exposed its employees, including Plaintiff, to the unreasonable risk of injury from cumulative trauma;

9

n. Allowed use of inadequate and poorly designed work methods and practices that exposed its employees, including Plaintiff to the unreasonable risk of injury from cumulative trauma;

o. Failed to reasonably train, educate, and instruct its employees in the rules, customs, practices, policies and procedures reasonably necessary to minimize the risk that its employees, including Plaintiff, would be exposed to the unreasonable risk of injury from cumulative trauma;

p. Failed to promulgate and enforce reasonable safety, rules, customs, practices, policies and procedures to prevent its employees, including Plaintiff, from being subjected to unreasonable exposure to the risks of injury from cumulative trauma;

q. Failed to reasonably train, educate, and instruct its employees in the rules, customs, practices, policies and procedures reasonably necessary to ensure that its employees, including Plaintiff, were not subjected to unreasonable exposure to the risks of injury from cumulative trauma;

r. Failed to give adequate warning to its employees, including Plaintiff, of the hazards and dangers of exposure to cumulative trauma, and the dangerous risk of injury from exposure to the above conditions and circumstances.

30. Defendant knew, or in the exercise of ordinary care should have known, that in acting and failing to act as described in the preceding paragraph, it was reasonably likely that employees, including Plaintiff, would be injured, and the defendant's acts and omissions listed above constitute negligence.

31. As a direct result of the aforesaid negligence of the defendant, Plaintiff sustained a severe injury to his back, with injury to the joints, displacement of the soft tissues, nerves, and structures of the back.. On account of said injuries, Plaintiff has undergone extensive medical care and treatment, including surgery to his back at L4-L5, and L5-S1, and Plaintiff may be required to seek medical treatment in the future. These injuries have caused Plaintiff to incur the expenses of medical care and treatment and Plaintiff will in the future incur the expenses of medical care and treatment, and life care. The strength, use and function of Plaintiff's body, and general health and strength have been permanently weakened, diminished and impaired. As a result of said injuries, Plaintiff has suffered and will ever suffer severe physical pain and suffering and mental anguish. Because of said injuries, Plaintiff has lost capacity for the enjoyment of life in the past and will suffer loss of capacity for the enjoyment of life in the future.

32. Prior to these injuries, Plaintiff was a strong, able-bodied man, capable of earning and actually earning over $3,600 per month. On account of these injuries, Plaintiff has lost his earnings and will in the future lose his earnings, which would be in excess of $3,600 per month, and his power to work and labor and his earning capacity have been permanently weakened, diminished and impaired. As a direct result of the aforesaid injuries, Plaintiff has been caused to incur medical expenses associated with

the treatment of his injuries and will in the future incur medical expenses associated with the treatment of his injuries. Also, as a direct result of these injuries, Plaintiff has suffered the loss of his fringe benefits and will in the future lose fringe benefits. Further, as a direct result of these injuries, Plaintiff has been unable to perform his usual and normal household services and will in the future be unable to perform such services. By reason of the facts herein alleged, Plaintiff has suffered damages in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff prays judgment against the Defendant UP for damages that are fair and reasonable, for costs incurred herein, for pre and post-judgment interest as allowed by law, and for any and all other relief to which Plaintiff is entitled. Plaintiff designates Trial is to take place in Kansas City, Kansas.

Respectfully submitted,

HUBBELL PEAK O'NEAL NAPIER & LEACH

By: *[signature]*

G. MICHAEL O'NEAL, #78221
Union Station – Suite 350
30 West Pershing Road
Kansas City, MO 64108
Telephone:   816-221-5666
Facsimile:   816-221-5259

### Jury Demand

Plaintiff respectfully demands trial by jury of all issues herein.

*[signature]*
Attorney for Plaintiff

12